NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3276

_____

ROGER SOLER

v.

RAMON FERNANDEZ,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:11-cv-01232)
District Judge: Honorable Joseph F. Saporito

_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 19, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: September 24, 2025)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 is not binding precedent.

AMBRO, Circuit Judge

Ramon Fernandez appeals from an order forcing the sale of his interest in Hered, LLC to satisfy his obligations to Roger Soler. Because the order is not final, we lack jurisdiction under 28 U.S.C. § 1291. And because the District Court did not create a receivership, we lack jurisdiction under 28 U.S.C. § 1292(a)(2). We therefore dismiss this appeal for lack of appellate jurisdiction.

**I**

Soler and Fernandez jointly owned Terrace Plaza, LLC; Heritage Food of Hazleton, LLC; and Hered, LLC. Those entities created shared tax liability for Soler and Fernandez. After much conflict, they reached an escrow agreement that set out their respective obligations to the IRS and Pennsylvania Department of Revenue (PDR). In 2022, Soler moved to enforce the escrow agreement.

In July 2023, Fernandez and Soler reached a settlement agreement on that motion, which the District Court imposed in an order. It required Fernandez (1) to buy Soler's interests in the entities for $750,000, and (2) to resolve the entities' IRS and PDR deficiencies. The due date for the tax payments was October 6, 2023. Under the agreement and order, failure to comply with his obligations would cost Fernandez up to $600,000 in liquidated damages.

Fernandez complied with the first part of the agreement, buying out Soler's interests in the entities. But he did not abide by the October 6 deadline for his tax obligations. So that month the District Court entered another judgment against Fernandez—this time for $600,000 in liquidated damages plus interest. Fernandez did not

2

appeal this order.  In November and December of 2023, Fernandez filed motions to amend the Court's judgment, reporting that he had by then fully complied with all his obligations under the settlement order.

Soler then sought a writ of execution by filing a praecipe. *See US Bank NA v. B R Penn Realty Owner LP*, 137 F.4th 104, 107 (3d Cir. 2025) ("As required by Pennsylvania law, Pa. R. Civ. P. 3180, the Bank filed a praecipe, or request, for a writ of execution, asking the U.S. Marshals to seize the [property] so that it could be sold to satisfy the judgment."). The praecipe requested a judgment for the $600,000 (plus interest) owed, which was held at that time in a bank account. The District Court issued the writ in December 2023.

That same month Soler moved for entry of a charging order.  Such an order "constitutes a lien on a judgment debtor's transferable interest and requires [a] limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor." 15 Pa. Cons. Stat. § 8853(a).

In February 2024, the District Court entered the charging order against Fernandez. Soler then moved to foreclose the charging order lien.  "Upon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest." 15 Pa. Cons. Stat. § 8853(c). Fernandez objected, arguing that he had satisfied his tax obligations and that the motion to foreclose had not complied with Pennsylvania law. But the District Court granted Soler's motion in November 2024, forcing the sale of

3

Fernandez's interest in Hered, LLC. *See id.* § 8853(f) ("If a court orders foreclosure of a charging order lien against the sole member of a limited liability company: (1) the court shall confirm the sale; (2) the purchaser at the sale obtains the member's entire interest, not only the member's transferable interest; (3) the purchaser thereby becomes a member; and (4) the person whose interest was subject to the foreclosed charging order is dissociated as a member."). Fernandez appeals that order.

## II

The District Court had jurisdiction under 28 U.S.C. § 1332. Our jurisdiction is disputed. Soler argues we lack jurisdiction because the underlying order is not final. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 24 F.4th 242, 249 (3d Cir. 2022) ("[A]n attachment in aid of execution, or a refusal to quash one, is final when all that remains is for a non-judicial officer to take and dispose of the defendant's property.") (internal quotation marks omitted). He directs us to the District Court's order, in which it explained that "[a]t or after consummation of the sale[,] . . . at the written request of plaintiff filed of record in this action, the court shall consider whether to issue an order confirming any such sale."

Fernandez does not dispute that the order is not final. Instead, he argues we have jurisdiction under 28 U.S.C. § 1292(a)(2). Under that provision, we have jurisdiction over appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." According to Fernandez, "the Order provides for Soler the practical ability to carry out the purposes of a receivership." Reply Br. 4.

4

A receiver liquidates a business entity's affairs and distributes the entity's assets. *Hill on Behalf of Republic First Bancorp Inc. v. Cohen*, 40 F.4th 101, 110 (3d Cir. 2022) (citing 15 Pa. Cons. Stat. § 1767(c)); *see Union Lab. Life Ins. v. Isle of Capri Assocs.*, 202 A.3d 858, 867 (Pa. Commw. Ct. 2019) ("A receiver is an officer and agent of the court with the usual and ordinary duty of a receiver to sell property on the court's order." (internal quotation marks and citation omitted)). "In determining whether a receiver has been appointed, a court must take into account the purposes of the receivership and the extent of the powers possible in the situation. In this regard, . . . a receiver takes possession of and preserves [pending litigation], and for the benefit of the party ultimately entitled to it, the fund or property in litigation." *In re Pressman-Gutman Co.*, 459 F.3d 383, 393 (3d Cir. 2006) (internal quotation marks, brackets, and citations omitted).

Fernandez argues that Soler is a receiver under the District Court's order because he "and his designated agents and attorneys are authorized" to take possession of and preserve Hered. Reply Br. 4. Fernandez is right that "Soler and his designated agents and attorneys are . . . authorized to take any and all reasonable actions needed to sell . . . Hered, LLC, including but not limited to any actions needed . . . to effect any such sale." But our receivership inquiry does not end there. "[S]ection 1292(a)(2) is interpreted narrowly to permit appeals only from the three discrete categories of receivership orders specified in the statute, namely [1] orders appointing a receiver, [2] orders refusing to wind up a receivership, and [3] orders refusing to take steps to

5

accomplish the purposes of winding up a receivership." *Pressman-Gutman Co.*, 459 F.3d at 393 (internal quotation marks and citation omitted) (last three alterations in original).

None of these is present here. The District Court did not appoint a receiver, and Soler's control over the Hered entity does not transform him into one. *Pressman* confirms this understanding: a receiver takes possession of and preserves property while litigation is pending, and the party entitled to the benefit of the charging order receives distributions from that property afterward. *Id*. Put simply, the receiver and the beneficiary are two different people. Here, Soler is clearly the beneficiary of the charging order, not the receiver during the pendency of litigation. The relevant Pennsylvania statute reaffirms this view. It differentiates between receivership and foreclosure: the court can appoint receivers to enforce a charging order, and foreclosure follows if that receivership does not work. 15 Pa. Cons. Stat. § 8853. This case is at the foreclosure stage and the District Court never appointed a receiver. Section 1292(a)(2) thus does not provide jurisdiction.

\*       \*       \*

For these reasons, we dismiss this appeal for lack of jurisdiction.